IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NATIONAL CASUALTY COMPANY,

    Plaintiff,

v.            CIVIL ACTION NO.   2:16-cv-00576

MICHAEL MITCHELL, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

  Pending before the court is the Motion to Dismiss [ECF No. 9] filed by defendants Michael and Joyce Mitchell. The Mitchells ask the court to exercise its discretion to decline jurisdiction over National Casualty Company's declaratory judgment action pursuant to 28 U.S.C. § 2201. For the reasons described below, the Motion is **DENIED**.

I. Background

  This matter stems from an underlying incident in which Mr. Mitchell was seriously injured when the brakes of the truck he was driving failed and the truck overturned. Underlying Am. Compl. ¶¶ 23–26 [ECF No. 1-1]. At the time of the accident, Mr. Mitchell was employed by Margie Dolin Trucking as a licensed professional truck driver and was "under the direct supervision" of Christopher and Margie Dolin. *Id.* ¶ 17. Mr. Mitchell was hauling coal in a truck "owned and

maintained" by the company. *Id.* ¶¶ 18–19. On February 4, 2015, the Mitchells filed a lawsuit in the Circuit Court of Kanawha County, West Virginia, against Margie Dolin Trucking, Inc., Margie Dolin, and Christopher Dolin. *Id.* The Mitchells alleged two counts: (1) deliberate intent under section 23-4-2 of the West Virginia Code and (2) loss of consortium.

At the time of the accident, Margie Dolin Trucking had a Commercial Auto Liability Policy issued by National Casualty Company ("National"). Compl. ¶ 15 [ECF No. 1]. National filed the instant action on January 20, 2016, seeking a declaration that National has no obligation under the insurance policy to provide coverage for any of the claims asserted in the underlying lawsuit against their insured. *Id.* at 6. Specifically, the coverage contains an exclusion for bodily injury to an employee of the insured arising out of and in the course of (1) employment by the insured; or (2) performing the duties related to the conduct of the insured's business. *See* Compl. Ex. 2, at 27 [ECF No. 1-2].[1]

## II. Legal Standard

In any "case of actual controversy within its jurisdiction," a federal district court "may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Such relief is appropriate "when the judgment will serve a useful purpose in

---

[1] The plaintiff also alleges that the policy contains a workers compensation exclusion and an exclusion for bodily injury to fellow employees, which the plaintiff indicates would also operate to exclude the underlying claims from coverage. Compl. ¶ 18.

2

clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (quoting *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996)). Section 2201 authorizes a cause of action only; the federal court must be satisfied that it possesses an independent basis for subject matter jurisdiction. *USF Ins. Co. v. Stowers Trucking LLC*, 684 F. Supp. 2d 786, 787 (S.D. W. Va. 2010).

When parallel state court litigation concerning the same subject matter is pending, a district court must consider whether the controversy "can be better settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). In such circumstances, the court should consider the following factors:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state court could resolve the issues more efficiently than the federal court; (3) whether the presence of overlapping issues of fact or law might create unnecessary entanglement between the state and federal court; and (4) whether the federal action is mere procedural fencing in the sense that the action is merely the product of forum shopping.

*Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 211 (4th Cir. 2006) (citing *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)).

III.  Analysis

This is a case of actual controversy within the court's diversity jurisdiction,[2] so the court has the power to entertain this declaratory judgment action. *See* 28 U.S.C. § 2201. Because there is a lawsuit pending in state court concerning some of the same parties and relating to the same underlying incident, I will determine whether there is good reason to decline to hear this case. *See Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937) (a court may only refuse to entertain a declaratory judgement action for "good reason"); *see also Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962) (a court cannot decline to entertain a declaratory judgment action "as a matter of whim or personal disinclination").

The very purpose of this declaratory judgment action—deciding whether National's policy provides coverage for the Mitchells' allegations—is to clarify the parties' legal relations. *See Penn-Am Ins.*, 368 F.3d at 12 (entertaining declaratory judgment actions is appropriate when the judgment will "serve a useful purpose in clarifying and settling the legal relations in issue"). In fact, the Fourth Circuit "frequently approve[s] the use of federal declaratory judgement actions to resolve disputes over liability insurance coverage." *Nautilus*, 15 F.3d at 375–76.

Although the underlying accident is the subject of pending state tort litigation, I do not find that the insurance coverage controversy can be better settled in state

---

[2] The plaintiff has invoked this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332, alleging the parties in this declaratory judgment action are diverse and the amount in controversy exceeds $75,000. Compl. ¶¶ 1–7.

court. A review of the *Nautilus* factors supports using my discretion to retain this action.

*First*, there is not a compelling state interest in having the contract issues raised in this matter decided in the West Virginia state courts. Here, the issue is straightforward: interpreting insurance contract provisions defining employer and employee, and determining the enforceability of an employee injury exclusion. This does not raise unsettled, difficult, or complex questions of state law. *See Nautilus*, 15 F.3d at 378 (discretion to decline jurisdiction may be exercised when questions of state law are "difficult, complex, or unsettled"). This declaratory action involves "the routine application of settled principles of insurance law" to particular facts.[3] *See id.*; *Great Am. Ins.*, 468 F.3d at 211; *see also* Resp. Mot. Dismiss 7 [ECF No. 13] ("The employee injury exclusion is perhaps the most well-settled coverage issue in West Virginia." (citing *Luikart v. Valley Brook Concrete & Supply, Inc.*, 613 S.E.2d 896 (W. Va. 2005))).

*Second*, the issues raised in this federal declaratory action will not be more efficiently resolved in the underlying state court action. National is not a party to the pending state court proceedings, nor is the scope of insurance coverage at issue in the state court action, which involves independent tort liability issues. *See Great Am. Ins.*, 468 F.3d at 212 ("[T]hat the issues raised here might be resolved in some yet-to-be filed action brought in Virginia state court is not alone sufficient to justify

---

[3] The Mitchells do not argue that this action raises complicated or unsettled questions of state law.

dismissal of this action."). The Mitchells argue that in order to determine whether their claims are covered, discovery must be completed and factual determinations common to both cases will need to be made. Mot. Dismiss 3–4. It does not appear, however, that there will be substantial overlapping disputed facts. The main factual issue—whether Mr. Mitchell was an employee at the time of the crash—does not appear to be in dispute. The Mitchells state this as a fact in their Amended Complaint filed in state court. Underlying Am. Compl. ¶ 17.

*Third*, I am not concerned that entertaining the federal declaratory action will result in unnecessary entanglement between the federal and state court systems. As described above, the two cases concern entirely different legal issues—tort claims in the state action and contract interpretation in the federal action.

*Finally*, I do not suspect the plaintiff of procedural fencing. As stated, National, a citizen of Wisconsin and Arizona for diversity purposes, was not a party to the state action and reasonably decided to exercise diversity jurisdiction by bringing this action in federal court against West Virginia defendants.

None of the *Nautilus* factors counsel against retaining jurisdiction over this insurance coverage matter.

### IV. Conclusion

In conclusion, I am not persuaded to decline jurisdiction over National's declaratory judgment action. Accordingly, the Mitchells' Motion to Dismiss [ECF No. 9] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 26, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE