IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NATIONAL CASUALTY COMPANY,

              Plaintiff,

v.                                      CIVIL ACTION NO.   2:16-cv-00576

MICHAEL MITCHELL, et al.,

              Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's Motion for Default Judgment [ECF No. 16]. The plaintiff asks the court for a default judgment against defendants Margie Dolin Trucking, Inc., Christopher Dolin, and Margie Dolin (collectively "the Dolin defendants") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure because the Dolin defendants have failed to respond to the plaintiff's Complaint or otherwise defend this action. Mot. Default J. 1. On February 24, 2016, the Clerk filed an Entry of Default [ECF No. 12] pursuant to this court's Order [ECF No. 11] and on the basis that the Dolin defendants were duly served but failed to answer or otherwise plead to the complaint.

### A. Insufficient Service of Process as to Margie Dolin Trucking

Upon further review of the docket, it does not appear that Margie Dolin Trucking was appropriately served. The plaintiff evidently chose to effect service of process through the West Virginia Secretary of State, an acceptable method for service under West Virginia law and therefore appropriate under Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A).

"[S]ervice of process attempted under state law is governed by the relevant state statute or rule." *Ballard v. Bank of Am., N.A.*, No. 2:12-2496, 2013 WL 1337356, at *3 (S.D. W. Va. Mar. 29, 2013). Under section 31D-5-504(c) of the West Virginia Code, service via the Secretary of State is only sufficient when—after the Secretary of State accepts service and mails the summons to the corporation—the return receipt has been signed or expressly refused:

> The service or acceptance of process or notice is sufficient if the return receipt is signed by an agent or employee of the corporation, or the registered or certified mail sent by the Secretary of State is refused by the addressee and the registered or certified mail is returned to the Secretary of State, or to his or her office, showing thereon the stamp of the United States postal service that delivery thereof has been refused . . . .

W. Va. Code § 31D-5-504(c). Here, the docket reflects that the summons for Margie Dolin Trucking was accepted for service by the Secretary of State on January 27, 2016 [ECF No. 8]. But there are no further docket entries reflecting either a successfully executed return receipt or refusal of delivery. Accordingly, service of process was insufficient under West Virginia law and, consequently, under Rule 4 of the Federal Rules of Civil Procedures. *Accord Burkes v. Fas-Chek Food Mart, Inc.*, 617 S.E.2d

2

838, 843 (W. Va. 2005) (service of process through the Secretary of State "is insufficient when a registered or certified mailing of the process or notice is neither accepted nor refused by an agent or employee of the corporation").

Therefore, the court **SETS ASIDE** the Default [ECF No. 12] as to Margie Dolin Trucking. Because service did not timely occur as required by Rule 4(m) of the Federal Rules of Civil Procedure, the court **ORDERS** the plaintiff to demonstrate good cause for not serving Margie Dolin Trucking with process. Failure to respond to this notice within ten days will result in dismissal without prejudice of defendant Margie Dolin Trucking. Insofar as the instant Motion seeks entry of a default judgment against Margie Dolin Trucking, the Motion is **DENIED**.

## B. Default Judgment as to Margie Dolin and Christopher Dolin

As to the entry of default judgment against Margie Dolin and Christopher Dolin, I find it appropriate to **DENY** the Motion at this time. This case arises out of an insurance coverage dispute related to a trucking accident. Michael Mitchell and Joyce Mitchell have sued the Dolin defendants for injuries Mr. Mitchell sustained when the brakes on the truck he was driving failed. Underlying Am. Compl. ¶¶ 23–26 [ECF No. 1-1]. Mr. Mitchell was allegedly working for the Dolin defendants and driving their truck at the time of the accident. *Id.* ¶¶ 17–19. The Dolin defendants held a commercial auto liability policy issued by National Casualty Company ("National"), the terms of which are the subject of this declaratory judgment action. National seeks a declaration that it is not obligated to provide coverage for the

underlying incident and has named all parties to the underlying dispute as defendants in the instant action.

I am generally wary of entering default judgment in a suit for declaratory relief, particularly in cases involving insurance disputes. *See, e.g.*, *Teachers Ins. v. Prather*, No. 2:11-cv-00397, 2012 WL 90095, at *2 (S.D. W. Va. Jan. 11, 2012). The outcome of such a judgment may "influence the way courts later interpret other identical policies" or affect "non-party policy holders." *Id.* This concern is particularly pertinent where, as here, only some of the defendants have defaulted and the non-defaulting defendants oppose entry of default judgment. *See* Mitchell Resp. Mot. Default J. [ECF No. 20]. Although Margie Dolin and Christopher Dolin have defaulted, the Mitchells still wish to defend this action on the merits. It would be a waste of judicial resources to carefully consider whether the requested declaration is appropriate in the default judgment context only to then consider the factually and legally identical issue as defended by the Mitchells. Such duplication of effort could also lead to potentially anomalous legal declarations on the same issue. Accordingly, I find that the request for a declaration of legal rights is best considered on the merits via the adversarial process with the non-defaulting defendants. *See, e.g.*, *United States v. Moradi*, 673 F.2d 725, 727–28 (4th Cir. 1982) (noting the courts' "manifest preference for trials on the merits"). The plaintiff's Motion for Default Judgment [ECF No. 16] is **DENIED without prejudice** insofar as it seeks entry of default judgment against Margie Dolin and Christopher Dolin.

4

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      July 19, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE